C. Burton PUGH, Plaintiff and Respondent,

v.

STOCKDALE AND COMPANY, a Utah Corporation, et al., Defendant and Appellant.

No. 14954.

Supreme Court of Utah.

Oct. 12, 1977.

Richard H. Moffat and C. Jeffry Paoletti of Moffat, Welling, Paulsen & Burningham, Salt Lake City, for defendant and appellant.

M. Richard Walker, Salt Lake City, for plaintiff and respondent.

HALL, Justice:

Plaintiff commenced an action to declare part of the amendment of January 2, 1964, to the Stockdale and Company Profit Sharing Trust invalid and to thus obtain immediate payment of his alleged vested interest therein. The parties stipulated as to the facts and each moved for summary judgment, and from an award of judgment in favor of plaintiff for the sum of $26,806.00 (95 percent of the contributions in his name) defendant appeals.

The pertinent facts stipulated to are as follows: On September 18, 1963, Stockdale

and Company, hereinafter referred to as "Stockdale," adopted the profit sharing trust in question, effective retroactively to October 1, 1962. On the day of adoption, plaintiff, hereinafter referred to as "Pugh," was an employee of Stockdale and upon meeting the trust's requirements became a participant, Stockdale making all of the contributions into the trust. On January 2, 1964, the trust was amended to restrict the powers of the advisory committee of the trust relative to distribution of participant's interests prior to their attaining age 55 years, the normal retirement age. The effect of the amendment was to prohibit distribution to a terminated employee (participant) until the normal retirement age of 55 years. Pugh was a member of the advisory committee until his termination in February, 1974, at which time he requested payment of his *vested* portion in the trust, he then being 44 years of age. Stockdale refused to distribute any of the trust benefits until the normal retirement age of 55 years.

The sole question on appeal is whether the trial court's interpretation of the trust was correct as a matter of law. Stockdale asserts the trial court erred as Pugh had no *vested* interest prior to the amendment and that the granting of 95 percent of the contributions were beyond the scope of the issues raised below. ·

The pertinent provisions of the original trust agreement pertaining to the vesting of benefits read as follows:

Paragraph 8.02: On such termination of employment, he shall be entitled to a percentage of the full amount standing to his account as of the last valuation date preceding his termination of employment, determined by the length of his continuous participation in this Trust, as follows:

| Number of Years | Vested Equity |
| --- | --- |
| Less than 2 years | 0% |
| 2 years but less than 3 | 5 |
| 3 years but less than 4 | 10 |
| 4 years but less than 5 | 15 |
| 5 years but less than 6 | 20 |
| 6 years but less than 7 | 25 |
| 7 years but less than 8 | 30 |
| 8 years but less than 9 | 40 |
| 9 years but less than 10 | 50 |
| 10 years but less than 11 | 60 |
| 11 years but less than 12 | 70 |
| 12 years or over | 80 |

Paragraph 8.03: The trustee shall take such action as may be necessary to make distribution to him or for his benefit in a lump sum, in income payments over his remaining lifetime or for any lesser period of time, *or in such other manner*, as the advisory committee determines to be for the best interests of the terminated participant. [Emphasis added.]

The amendment in question reads as follows:

Paragraph 8.02: On such termination of employment, he shall be entitled to a percentage of the full amount standing to his account as of the last valuation date preceding his termination of employment, determined by the length of his continuous participation in this trust, as follows:

| Number of Years | Vested Equity |
| --- | --- |
| Less than 1 year | 0% |
| 1 year but less than 2 | 10 |
| 2 years but less than 3 | 20 |
| 3 years but less than 4 | 30 |
| 4 years but less than 5 | 40 |
| 5 years but less than 6 | 50 |
| 6 years but less than 7 | 60 |
| 7 years but less than 8 | 70 |
| 8 years but less than 9 | 80 |
| 9 years but less than 10 | 90 |
| 10 years or over | 95 |

Paragraph 8.03: The trustee shall take such action as may be necessary to make distribution to him or for his benefit in a lump sum, in income payments over his remaining lifetime or for any lesser period of time [1] as the advisory committee

1. The amendment deleted the phrase "or in such other manner" following the word "time" and before the word "as" and added the underscored portion.

determines to be for the best interests of the terminated participant, *provided that no such payments shall be made prior to his normal retirement date.* [Emphasis added.]

■ The beginning point of interpretation of a contract is an examination of the language used therein in accordance with the ordinary and usual meaning of the words.[2] Doing so in this instance, there is no doubt that the vesting schedule of the trust agreement required participation for 2 years before any rights vested. In fact, Pugh makes no argument at all in support of his conclusion of entitlement to vested benefits, nor does he maintain all the conditions thereof were met. Rather, he chooses to rely on an assertion raised for the first time on appeal that the amendment was ineffectual because of the lack of direct notice prior to its adoption. Such being a factual issue not stipulated to below, it is not a proper issue for this Court to consider.[3]

■ Pugh was a participant in the trust from its inception on October 1, 1962, but on the date of the amendment, January 2, 1964, a period less than 2 years had elapsed. Consequently, he had no vested right whatsoever at that time. There having been no vested right in existence prior to the amendment, such could not be viewed as a deprivation or detriment. On the contrary, the amendment enhanced his position since it increased the vested equity from 80 percent to 95 percent after 10 years of employment and advanced the date of initial vesting from 2 years to 1 year.

We conclude that the trial court misapplied the law to the stated facts[4] and misinterpreted the plain, absolute language of the agreement which clearly precludes an award of benefits until all contractual conditions are met. Having so concluded, the remaining assignment of error need not be addressed.

2. *Plain City Irrigation Company v. Hooper Irrigation Company*, 11 Utah 2d 188, 356 P.2d 625 (1960); 17 Am.Jur.2d, Contracts § 243.

3. *Wagner v. Olsen*, 25 Utah 2d 366, 482 P.2d 702 (1971).

The case is remanded with instructions to enter judgment for Stockdale.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

4. *Hardy v. Hendrickson*, 27 Utah 2d 251, 495 P.2d 28 (1972).